### EDWIN MOODY v. WILLIAM C. HARPER.

NEW TRIAL: NEVER GRANTED, WHEN APPLICANT HAS BEEN GUILTY OF NEGLIGENCE.
—A new trial will not be granted, where it appears that the party applying for it, has been guilty of negligence in the preparation of his cause for trial ; and hence, when the defendant asked for a new trial, upon the ground that he and the plaintiff had agreed, before the commencement of the court, that they would meet and set the cause for trial on a particular day, but both parties failing to consummate the agreement, the cause was tried when it was regularly

reached on the docket, the defendant then being unprepared to make his defence, it was held that the application ought not to be granted.

IN error from the Circuit Court of Hinds county.   Hon. John Watts, judge.

*John D. Freeman,* for plaintiff in error,
Cited, *Wilson* v. *Clark,* 27 Miss. R. 270 ; 1 Graham and Waterman, on New Trials, 216; 28 Miss. R. 394; 7 Wend. 62.

*George L. Potter,* for defendant in error.

FISHER, J., delivered the opinion of the court.

This action was brought by the plaintiff below, in the Circuit Court of Hinds county, to recover rents or mesne profits, for two lots in Jackson, which the plaintiff had recovered from the defendant, in a certain action of ejectment.

The jury having found a verdict for the plaintiff, the defendant moved for a new trial, on the ground, among others, of surprise.  He states in his affidavit, that there was an understanding between him and the plaintiff, that they would meet at court and set the case for trial on a particular day.   The case was regularly called on the docket, and this understanding, whatever it may have been, had not up to that moment been consummated; and it must be treated as one to be completed, before the regular call of the case on the docket, otherwise not to be binding, or to have the effect of continuing the case to another term.   The defendant does not appear to have informed his counsel of this contemplated arrangement, or of the true grounds of his defence, as set forth in the affidavit.

The law requires diligence from suitors, and when a trial has been had, the question is not always whether justice has been done, but whether the party complaining, could by the exercise of proper diligence have produced a different result.  Here there was no effort to make the defence set forth in the affidavit.  No notice was given to the plaintiff of the set-off for improvements, as required by the statute.

Judgment affirmed.